PROB 12A
(Revised 05/2011)

# United States District Court
for
## Middle District of Tennessee

## Report on Offender Under Supervision

Name of Offender: <u>Dallas Allen</u>     Case Number: <u>2:11-00001-06</u>

Name of Sentencing Judicial Officer: <u>Honorable William J. Haynes, Jr., Chief U.S. District Judge</u>

Date of Original Sentence: <u>July 30, 2012</u>

Original Offense: <u>21 U.S.C. § 841(a)(1) Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base</u>

Original Sentence: <u>Time served followed by 3 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>     Date Supervision Commenced: <u>November 26, 2012</u>

Assistant U.S. Attorney: <u>Brent A. Hannafan</u>     Defense Attorney: <u>Michael C. Holley</u>

---

The Court orders:

☒ No Action Necessary at this Time  *as recommended* /s/
☐ Submit a Request for Modifying the Condition or Term of Supervision
☐ Submit a Request for Warrant or Summons
☐ Other

Considered this __13th__ day of __September__, 2013,
and made a part of the records in the above case.

_____
William J. Haynes, Jr.
Chief U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Amanda M. Russell
U.S. Probation Officer

Place    Nashville

Date    September 13, 2013

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | **The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any persons convicted of a felony unless granted permission to do so by the probation officer.** |

On August 24, 2013, just one day after appearing in Your Honor's Court, Mr. Allen was a passenger in a vehicle, owned and driven by Billy Cleghorn, who is also on federal supervision. Mr. Allen's daughter, Christal Allen, was a passenger and is on probation with the Tennessee Department of Probation and Parole. A traffic stop was conducted by Officer James Lee, of the Cookeville Police Department. According to the affidavit, which is attached for Your Honor's review, officers discovered Mr. Cleghorn was in possession of digital scales, plastic baggies, and unknown white pills. During the contact with police, Mr. Cleghorn placed a small plastic baggie with a dark substance, thought to be crack cocaine, in his mouth and swallowed it when officers asked him to spit it out. While conducting a search of the vehicle, officers located two unidentified pills believed to be scheduled drugs. Mr. Cleghorn was charged with arrested and charged with Tampering With or Fabricating Evidence with Intent to Conceal or Destroy, a Class C Felony, and Unlawful Possession of Drug Paraphernalia, a Class A Misdemeanor. Christal Allen was found to be in possession of three Subutex pills, which she had hidden in her crotch area. She was searched again at the Putnam County Jail and was found to be in possession of three more Subutex pills hidden inside her vagina. Ms. Allen was arrested and charged with Simple Possession/Casual Exchange, a Class A Misdemeanor. Mr. Allen was released on his own accord, and left the area on foot.

2. **The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.**

Mr. Allen failed to notify the probation officer of being questioned by the Cookeville Police Department on August 24, 2013. When questioned by the probation officer on August 30, 2013, Mr. Allen reported he did not think he had to notify the probation officer because the arresting officer said he was going to call the probation officer.

Mr. Allen reported he was hit by a car while walking home from Gainesboro to Cookeville on August 24, 2013. He reported he was unsure who called his daughter, Christal Allen, but she arrived a short time later in Billy Cleghorn's car. Mr. Allen reported he was injured by the hit and run, but did not seek medical care. He reported Mr. Cleghorn planned to take him home, but was pulled over by the Cookeville Police Department for a traffic violation. Mr. Allen reported he cooperated with law enforcement and was released on his own accord, no charges filed against him.

3. **The defendant shall pay a special assessment in the amount of $100.**

Mr. Allen has failed to make a payment towards his special assessment since beginning supervision on November 26, 2012.

**Compliance with Supervision Conditions and Prior Interventions:**
Dallas Allen began his term of supervised release on November 26, 2012, and is due to expire on November 15, 2015. He is employed by Victorian Gardens Retirement Home in Baxter, Tennessee, and lives in Cookeville, Tennessee.

A petition to request for modification of Mr. Allen's special conditions was submitted to the Court on August 12, 2013. The violation behavior reported in the petition included Mr. Allen testing positive for cocaine on July 9, 2013, and associating with an individual found to be in possession of methamphetamine. At that time, the probation officer respectively requested Mr. Allen participate and successfully complete a residential reentry center (RRC) placement not to exceed 180 days. Since his release from incarceration in November 2012, Mr. Allen has repeatedly stated he has difficulty finding stable employment, associating with individuals who do not have a felony criminal record, or who are not involved in current criminal activity. Mr. Allen admitted, in the past, he may need help and going to a halfway house could be beneficial, but he did not want to leave the Cookeville area. He expressed concerns of the Gangster Disciples, having a "hit" on his life and going to the federal halfway house in Nashville would not be good for him. The Court ordered the matter be heard at a hearing on August 23, 2013. On that date, an agreed order to modify his substance abuse treatment condition, to include drug testing, was approved by Your Honor.

Following his recent violation behavior, Mr. Allen was given a verbal reprimand and re-instructed to not associate with any persons engaged in criminal activity, not associate with any persons convicted of a felony unless granted permission to do so by the probation officer, and to notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

Following his release from custody, Mr. Allen was promptly referred for a substance abuse assessment and subsequent treatment at Plateau Mental Health in Cookeville, Tennessee. He continues to participate in weekly outpatient substance abuse treatment. Since Mr. Allen's positive drug test for cocaine on July 9, 2013, all subsequent drug tests have been negative.

**U.S. Probation Officer Recommendation:**
The probation officer is requesting that no additional action be taken by the Court at this time. It is respectfully recommended that Mr. Allen remain on supervised release, continue to participate in substance abuse treatment, and not incur any future violations. Assistant U.S. Attorney Brent Hannafan has been advised of the offender's noncompliance and is in agreement with this recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

| Scene Processed By | Prints Found / Photographed | Type Evidence Taken | When Stored Initially |
|---|---|---|---|
| | ☐ Yes ■ No / ☐ Yes ■ No | | |

**ARSON**

| | Loss Data | Value | Loss | Origin of Fire | Bomb Data |
|---|---|---|---|---|---|
| | Structures | | | Incendiary ☐ | Explosive Data _____ |
| | Contents | | | Undetermined ☐ | Incendiary Device _____ |
| | Fixtures | | | Accidental ☐ | Threat _____ |
| | Vehicles | | | Suspicious ☐ | Other _____ |
| | Miscellaneous | | | | |

**PROPERTY**

| Event Code | Prop. Code | Quantity | Description | Make/Model | Serial Number | P. Loss | Value | Recov. Date |
|---|---|---|---|---|---|---|---|---|
| 35B | 16 | 1 | box of sandwich baggies | | | 6 | 2.00 | |
| 35B | 77 | 1 | digital scale | | | 6 | 5.00 | |
| 35B | 16 | 2 | small bags of epsom salt | | | 6 | 5.00 | |
| 35B | 11 | 2 | samsung cell phones | | | 6 | 50.00 | |
| 35B | 11 | 1 | plastic pill cutter | | | 6 | 2.00 | |

| Jurisdiction Stolen | Jurisdiction Recovered | Number of Motor Vehicles Stolen | Number of Motor Vehicles Recovered |
|---|---|---|---|
| | | | |

**DEATH**

| Next of Kin Notified Name | Address | Relationship | Physician Pronouncing Death(Name) | |
|---|---|---|---|---|
| Attending Physician Name | Address | Reason for Treatment | Pronounced Death-Date | Time |
| Last Person to See Subject Alive Name | Address | | Date | Time |
| Rescue Unit at Scene Name | Address | Medical Examiner | Type Death | |

**Summary**

On 8-24-13, I was headed North on N Willow Ave when I noticed a white in color Lincoln Town car also headed North on N Willow Ave. I observed the vehicle make a left turn headed West onto W 3rd Street. I proceeded to get in behind the vehicle, and noticed it did not have a License Plate. I started to call in the traffic stop as we made a left turn onto Chestnut Ave headed South, and noticed a 30 Day Registration in the rear window on the right side. I activated my lights and siren and had the vehicle stop in the area of 132 Chestnut Ave. I advised Dispatch of the 30 Day Tag, the type of vehicle, and the number of occupants inside it. I then approached the vehicle on the driver's side and asked the driver for his License, Registration, and Insurance. I stated to him the reason I stopped him was because he did not have his lights on while driving the vehicle at night. The driver who I identified as Billy Cleghorn, handed me his License, but advised there were no registration papers for the vehicle, and that he did not have any Insurance paperwork for it either. Mr. Cleghorn stated the vehicle was his son's, and that he had the missing paperwork. I then asked for the other

**Solvability Factors**

| YES | NO | | YES | NO | | Exceptional Clearance (Status 6) |
|---|---|---|---|---|---|---|
| ☐ | ■ | a. Can a suspect be named? | ☐ | ■ | g. Was there a unique or unusual M.O. employed? | ☐ (A) Death of Offender |
| ☐ | ■ | b. Is the suspect known? | ☐ | ■ | h. Was there significant evidence? | ☐ (B) Prosecution Declined |
| ☐ | ■ | c. Can the suspect be identified? | ☐ | ■ | i. Is property traceable? | ☐ (C) Extradition Declined |
| ☐ | ■ | d. Has the suspect been seen before? | ☐ | ■ | j. Was there a minimum delay in reporting? | ☐ (D) Refuse to Cooperate |
| ☐ | ■ | e. Was there a witness to the crime? | ☐ | ■ | k. Is there a significant reason to believe crime may be solved with a reasonable amount of investigative effort? | ☐ (E) Juvenile, No Custody |
| ☐ | ■ | f. Can the suspect vehicle be identified? | | | | ■ (N) Not Applicable |

| CASE STATUS (Check One) | Case Closed (Status 4 or 8) | Negative File Number |
|---|---|---|
| ☐ 1 Active ☐ 5 Inactive ■ 4 Closed Arrest | ☐ Juvenile ■ Adult | |
| ☐ 2 Active - TOT O/A ☐ 6 Inactive WOF ☐ 8 Closed Exception | Ref. Other Case Number | |
| ☐ 3 Unfounded ☐ 7 Closed Service | | |

| Date/Time Notified | Date/Time Arrived at Scene | Date/Time Cleared Scene | Original Report ☐ |
|---|---|---|---|
| 08/24/2013 20:25 | 08/24/2013 20:25 | 08/24/2013 23:34 | Supplemental Report ☐ |

| Information Copies Furnished to: | Approving Supervisor | Date | Date Report Submitted |
|---|---|---|---|
| | 308 - Sergeant James D. Harris | 08/25/2013 | 08/24/2013 |

CONFIDENTIAL

# Cookeville Police Department
## PRELIMINARY INVESTIGATIVE REPORT
### NARRATIVE (CONTINUATION)

D.S.P. 102 - M

| Code Number | Reported By | Page No. | Origin | Date | Time | Case Number |
|---|---|---|---|---|---|---|
| TN0710100 | 354 - Officer James Lee, III | 3 | 03 - Officer Initiated | 08/24/2013 | 20:25 | 201327127 |

**Summary**

two occupant's identifications, in which they complied. I walked back to my Patrol Car and had Dispatch check all three subjects for Warrants and Mr. Cleghorn for a valid Drivers License. Off. K. Frye also arrived on scene about that time and assisted with the stop. Dispatch came back a short time later and advised Mr. Cleghorn and the front passenger, Dallas Allen, were on Federal Probation, but all subjects were clear of any Warrants. I had already started writing a Citation for No Insurance to Mr. Cleghorn when Dispatch advised same. I then made my way back to the vehicle and approached Mr. Cleghorn. I asked Mr. Cleghorn to step out and come back towards my vehicle with me. Mr. Cleghorn complied and I advised him that I was going to give him a Warning for not having his lights on, and a Citation for the Insurance. I did advised Mr. Cleghorn on how to correct the problem with the Insurance, as to bring a copy of valid Insurance at the time of the stop. I asked Mr. Cleghorn if he was on Probation, and he said yes. I then stated to Mr. Cleghorn, that he did not care if I searched the vehicle then, and he said he did not care. I asked Mr. Cleghorn if he had any weapons on his person, and asked if he minded me patting him down for weapons. Mr. Cleghorn said he did not mind and I removed a small pocket knife from his pocket, that he advised me about and hold on to it for the duration of the stop. Sgt. J. Harris also arrived on scene and assisted. I asked Sgt. Harris if he would take his K9 around the vehicle and he said yes. I then had the other two occupant's step out of the vehicle and step back by Off. Frye. Sgt. Harris then called me over to his vehicle while he was getting his K9, and told me he observed something appeared to be in Mr. Cleghorn' s mouth. I then went back to Mr. Cleghorn and asked him if he had anything in his mouth. Mr. Cleghorn hesitated to open his mouth, and when she finally did, he forced his tongue to the left side of his mouth. I told Mr. Cleghorn to move his tongue, and when he did, I noticed what appeared to be a plastic baggy, but Mr. Cleghorn then attempted to swallow same. I told Mr. Cleghorn to spit it out, but he was intent on swallowing what was in his mouth and turned away from me. I then grabbed Mr. Cleghorn and attempted to force him to the ground, but he resisted. I was able to get Mr. Cleghorn to the ground with the assistance of Off. Frye, but Mr. Cleghorn stated he swallowed his "gum". I placed Mr. Cleghorn under arrest at that time for Tampering with Evidence, and placed him in the rear seat of my Patrol Car. Sgt. Harris then conducted a search of the vehicle, and I assisted. Sgt. Harris located a small unknown pill at the time under the front passenger seat, and a presription bottle in the rear seat area which had the label torn off of it, along with a plastic pill cutter. Sgt. Harris also located part of the label that was torn off. Sgt. Harris asked the rear passenger, Christal Allen if the bottle was her's and she finally stated it was. The front passenger, Dallas Allen was also detained at that time. I asked Dispatch to send the next available Wrecker, and continued to search the vehicle. I opened the glove box of the vehicle and located two bottles, one prescription bottle for Omeprazle and a bottle of some pills which turned out to be vitamins. I opened the trunk of the vehicle and located a box of sandwich baggies, two small bags of Epsom Salt, a small unknown diamond shaped pill, and a digital scale that was hidden under the trunk mat on the right side. I called PCSO and requested a female Deputy to our location to search Ms. Allen. A female deputy arrived shortly after and Ms. Allen came clean stating she had some Subutex hidden in her crotch. Once the female Deputy arrived, Ms. Allen pulled three Subutex out of her crotch area and handed them over. Ms. Allen said she has a prescription for the pills, but could not provide same. Ms. Allen was then placed under arrest at that time for Simple Possession. The female Deputy also transported Ms. Allen to PCSO Jail for me at that time. Americollision arrived on scene and towed the vehicle. There were also two cell phones that were left in the vehicle by Mr. Cleghorn and Ms. Allen,

CONFIDENTIAL

# Cookeville Police Department
PRELIMINARY INVESTIGATIVE REPORT
NARRATIVE (CONTINUATION)

D.S.P. 102 - M

| Code Number | Reported By | Page No. | Origin | Date | Time | Case Number |
|---|---|---|---|---|---|---|
| TN0710100 | 354 - Officer James Lee, III | 4 | 03 - Officer Initiated | 08/24/2013 | 20:25 | 201327127 |

**Summary**

both of which were taken as evidence. Dallas Allen was released on his own accord, and left the area on foot. I then transported Mr. Cleghorn to PCSO Jail for processing. Upon arrival, I released Mr. Cleghorn to PCSO Intake, and made contact with the Judicial Commissioner. Mr. Cleghorn was given a $2000.00 Bond for Tampering with Evidence and Possession of Drug Paraphernalia. Ms. Allen was searched in the Jail and found to have three more Subutex hidden inside her Vagina. The additional Subutex were seized and she was given a $2000.00 Bond for Simple Possession, since she cooperated and advised she probably still had some pills on her before she went into the Jail. I then went back to the Police Station, where I placed the seized items into Evidence. I also completed a TBI Lab Request form for the six Subutex, and the other two pills, which Pill Identifier stated were Lisinopril and Promethazine HCL. Also, a hold was placed on the Lincoln.